## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

Eastern District of Kentucky
**F I L E D**

JAN 0 8 2018

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| TORREY TEDERIAL ERVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS | ) | |
| | ) | |
| JEFFERSON B. SESSIONS III, | ) | COMPLAINT AND APPLICATION |
| UNITED STATES ATTORNEY GENERAL; | ) | FOR WRIT OF MANDAMUS |
| ANDREW SMITH, ASSISTANT UNITED | ) | |
| STATES ATTORNEY FOR THE EASTERN | ) | |
| DISTRICT OF KENTUCKY; JOHN | ) | |
| OLESKOWICZ, SPECIAL AGENT OF THE | ) | |
| UNITED STATES INSPECTOR GENERAL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Torrey Tederial Ervin ("Plaintiff"), brings this Complaint against the above-named Defendants seeking a writ of mandamus and other relief under the Administrative Procedures Act. In support of his complaint, Plaintiff states the following:

1.  Plaintiff is a federal inmate within the United States Bureau of Prisons and currently is housed at the Jesup Federal Correctional Institution in Jesup, Georgia. In 2013, Plaintiff was charged, convicted, and sentenced in the United States District Court in the Western District of North Carolina, for conspiracy to possess with intent to distribute cocaine base. Plaintiff is currently serving a 164-month federal prison sentence and his projected release date, via Good Time Credits, is June 26, 2021.

2.  Defendant Jefferson B. Sessions III is the United States Attorney General who serves at the pleasure of President Donald J. Trump. Prior to his appointment as United States Attorney General, Mr. Sessions served as a United States Senator for the State of Alabama and, prior to that, Mr. Sessions was the United States Attorney for the Southern District of Alabama.

3.  Defendant Andrew Smith is currently an Assistant United States Attorney (AUSA) for

the Eastern District of Kentucky and was the lead prosecutor in the 2016 prosecution of former federal correctional officer Elainna D. Gill.

4. Defendant John F. Oleskowicz is a special agent in the United Sates Inspector General's Office, Chicago Field Office

5. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1331, this being a civil action arising under the Constitution and the laws of the United States. Jurisdiction is also conferred upon this Court by 28 U.S.C. § 1361, this being an action to compel the United States Attorney General Jefferson B. Sessions and/or UASA Andrew Smith and/or OIG Special Agent John F. Oleskowicz to perform duties imposed upon each defendant by federal law.

6. At all times relevant to this Complaint, and in taking all of the actions described herein, the Defendants have acted under color of law and were affecting, and will affect the customs, policies, rules, and laws of the United States of America.

## FACTS GIVING RISE TO PLAINTIFF'S COMPLAINT

7. Elainna D. Gill ("Gill") is a former correctional counselor with the Federal Bureau of Prisons who was charged, convicted and sentenced to 24-months imprisonment for accepting money in return for smuggling contraband (tobacco) into Lexington FMC, a federal correctional institution located in Lexington, Kentucky. According to her plea agreement filed in the U.S. District Court for the Eastern District of Kentucky, Gill, from February, 2014 to August ,2015 smuggled tobacco into the prison facility for multiple inmates who paid her an aggregate sum of $5,500.00 in return. Gill did this while knowing that prisoners incarcerated in federal correctional facilities, including FMC Lexington, are prohibited from possessing tobacco.

8. Defendant John F. Oleskowicz was the lead investigator in the investigation and subsequent prosecution of Gill. Defendant Andrew Smith was the Assistant U.S. Attorney who prosecuted the case against Gill on behalf of the federal government.

9. Plaintiff Torrey Tederial Ervin was aware and cognizant of the illegal acts being committed within Lexington FMC by Gill. Indeed, Plaintiff became aware of Gills smuggling actions shortly after Gill began bringing illegal contraband into Lexington FMC.

10. During the course of the investigation, Defendant Oleskowicz approached Plaintiff and requested for Plaintiff to help him (Oleskowicz). Particularly, Defendant Oleskowicz wanted Plaintiff to provide a precise and detailed statement regarding Gill's unlawful smuggling operation. Defendant Oleskowicz indicated to Plaintiff that should Plaintiff provide substantial assistance to the government in the prosecution of Gill, he would see that Plaintiff received a reduction of his sentence.

11. Subsequently, Defendant AUSA Andrew Smith, told Plaintiff through Plaintiff's attorney that without the help of Plaintiff, the government would not have enough evidence on which to convict Gill. Defendant Smith also agreed with Plaintiff that the success of the government's case would depend greatly on the substantial assistance that Plaintiff would be providing the government. Defendant then inferred that he would he would seek a time reduction for Plaintiff after Plaintiff provided the information needed to convict Gill.

12. Knowing that Plaintiff knew everything about her smuggling operation and was willing to testify against her in court, Gill pled guilty to the charges against her, thus saving the court the time and expense of going through a trial. Again, Ervin provided the government with valuable and substantial information about Gill. Ervin told the Defendant Oleskowicz how Gill was transporting the tobacco into the institution and how Gill got paid her money. This was information that Defendant Oleskowicz did not have access to until Ervin agreed to cooperate. It would have been nearly impossible to get the conviction of Gill without Ervin's assistance. Not only was Ervin's assistance substantial, it was crucial.

13. Because of the value of Ervin's help in prosecuting Gill, the government agreed through Defendant Smith and Defendant Oleskowicz to help Ervin with a sentence reduction. Indeed, the U.S. Attorney, through Ervin's attorney, conveyed the fact that they would file a 5k1.1 letter for Ervin in exchange for Ervin's cooperation. Ervin has spectacularly kept his side of the bargain. To date, for no justifiable reason, the U.S. Government has not kept its word.

## COUNT I

## <u>BAD FAITH AND DECEPTION – DENIAL OF DUE PROCESS</u>

11. Plaintiff incorporates by reference paragraphs 1 through 9 above as though fully set forth herein

12. At no time did the government tell the court or Ervin that it would not file a 5K.1.1 motion on Ervin 's behalf. Thus, Ervin has been under the impression that he was going to have a 5k1.1 motion filed on his behalf. And rightly so.

13. That there can be no question, based on these facts, that the government, led Ervin to believe that the government's oral cooperation agreement would still be honored; the government certainly did not tell him the agreement would not be honored and, surely, he would not have further cooperated and put himself at risk if knew the result inevitably would be a denial of filing 5k1.1 motion. Under these circumstances Ervin had a reasonable expectation that should he, going forward, fully comply with the agreement, the government would file the § 5KI.I motion on his behalf. The government cannot reasonably argue that it simply was unable to determine whether the agreement should be abrogated, for the government had all facts required to make such a determination. What the government did was hold out to Ervin the possibility that his agreement would yet be honored, in order to secure his continued cooperation, and then, having secured that benefit, cut the cord.

14. The defendants had a legal and moral duty to file a motion pursuant to 18 U.S.C. § 3553(e) and USSG § 5k1.1 requesting the court to reduce Plaintiff's sentence based on Plaintiff's substantial assistance in the prosecution of Gill.

15. 28 U.S.C. § 1361 provides "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel and officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In short, the Mandamus Act authorizes this court to order a remedy in favor of the plaintiff. Plaintiff submits he has a clear right to relief resulting from the duty owed him by the defendants, to-wit, the duty of the defendants to file for a reduction of plaintiff's current prison sentence within a reasonable time.

16. Plaintiff has exhausted all available administrative remedies that are/were available and that there is no other judicial alternative remedy pertinent to Plaintiff's action. All attempts to informally settle this matter by telephone or other means have been ignored by the government.

17. Based on the foregoing, Plaintiff submits he is entitled to a writ of mandamus ordering the defendants to file the appropriate motion requesting that Plaintiff's current sentence be reduced based on his substantial assistance in the prosecution of other individuals.

## COUNT II

## ADMINISTRATIVE PROCEDURES ACT

18. Plaintiff incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

19. The Administrative Procedures Act ("APA") provides a basis for suit where the government has unreasonably delayed action or failed to act.

20. Plaintiff submits that Defendants have failed to act when they had a legal duty to do so.

21. Pursuant to the APA, Plaintiff is entitled to Monetary Relief, Mandamus Relief, and Declaratory Judgment Relief pursuant to 28 U.S.C. § 2201.

22. Plaintiff respectfully submits that the applicable facts and law amply support the primary relief Plaintiff requests – an order mandating the government to honor its commitment under the cooperation agreement and file a § 5K 1.1 letter on Plaintiff's behalf. Should the court not do so, however, Plaintiff asks for an order allowing him to withdraw his guilty plea under Fed.R.Crim.P.11 (d)(2)(B). Courts have previously suggested that such a remedy would probably be appropriate. Permitting Plaintiff to withdraw his plea unquestionably would be "fair and just." The government cannot deny that Plaintiff provided the government substantial information that was instrumental in obtaining the arrest and conviction of a smuggler "on the inside" of a federal correctional institution. who very well could have (and still might) harm him or his family.

## RELIEF REQUESTED

For the reasons stated herein, Plaintiff is entitled:

A.  To a declaration that Defendants' conduct is unlawful and contrary to the Due Process Clause of the U.S. Constitution;

B.  Monetary damages as authorized by law;

C.  A writ of mandamus compelling the defendants to comply with the agreement entered into by the parties and file the appropriate motion seeking a reduction in Plaintiff's current prison sentence for his substantial assistance rendered to the government or, in the alternative, an Order allowing Plaintiff to withdraw his guilty plea;

D.  Any other relief, injunctive, declaratory or otherwise, as the Court deems just and proper.

Dated this _sixth_ day of ___December___, 2017


## AFFIMATION

I, Torrey Tederial Ervin, affirm under penalty of perjury, that I am the plaintiff in this action, that I have read the foregoing Complaint and that the allegations contained in the Complaint are true and accurate to the best of my knowledge.

Torrey Tederial Ervin
USM # 99674-071
FCI JESUP
2680 301 SOUTH
JESUP, GA  31599

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing COMPLAINT AND APPLICATION FOR

WRIT OF MANDAMUS served on the U.S. Attorney in this action on the  3rd

day of , January, 2018, by mailing a copy thereof by First-Class Mail, with proper

postage affixed, and deposited in an official depository under the exclusive care

and custody of the United States Postal Service, addressed to:

U.S. Attorney's Office
260 W. Vine Street, Suite 300
Lexington, KY 40507-1612